**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Respondent,

v.                                                                                          No. 04-cr-919-RB

RUBEN JARAMILLO,

        Defendant-Movant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Mr. Jaramillo's Motion for Assignment of Counsel. (Doc. 110.) Mr. Jaramillo asks the Court to appoint counsel to investigate whether the First Step Act, "Second Step Act," or the "Sentence Reduction Acts" would apply to grant him a sentencing reduction. (*See id.*) Having carefully reviewed the record and applicable law, the Court will deny the motion.

### I. Background

Mr. Jaramillo pled guilty to an Indictment charging a violation of 18 U.S.C. §§ 924(c)(1)(A)(i) & (c)(1)(B)(ii): possessing a firearm in furtherance of a drug trafficking crime. *See United States v. Jaramillo*, 313 F. App'x 75, at *1 (10th Cir. Jan. 3, 2008). The Court sentenced Mr. Jaramillo to 324 months on December 26, 2006. (Doc. 77.) Mr. Jaramillo appealed his sentence, and the Tenth Circuit denied his appeal. (Docs. 76; 86.) He has also filed unsuccessful motions to vacate his sentence under 28 U.S.C. § 2255 and to dismiss the criminal case. (Docs. 87; 98; 100; 101.)

Mr. Jaramillo filed the motion before the Court on June 19, 2020, and asks the Court to appoint an attorney to assist him in filing a motion for a sentence reduction. (*See* Doc. 110.)

**II.     Discussion**

"When a 'motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c).'" *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (internal quotation and alteration omitted)). "Section 3582(c) provides that a 'court *may not* modify a term of imprisonment once it has been imposed except' in three limited circumstances." *Smartt*, 129 F.3d at 540–41 (quoting 18 U.S.C. § 3582(c); subsequent citation omitted). "First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i)–(ii)). "Second, a court may modify a sentence if such modification is 'otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(B)). "Finally, a court may modify a sentence if 'a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)). Mr. Jaramillo references the First Step Act, the "Second Step Act," which the Court construes as the Second Chance Act, and the "Sentencing Reduction Act," which the Court construes as any applicable reduction to the relevant sentencing range.

Mr. Jaramillo asks the Court to appoint counsel in this proceeding. (*Id.*) The Court will deny his request. "First, 'no right to appointment of counsel exists when pursuing relief under 18 U.S.C. § 3582(c).'" *United States v. Little*, CR No. 14-195 KG, 2020 WL 2736944, at *1 (quoting *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008)). Second, to the extent that Mr. Jaramillo moves for a sentencing reduction, his motion does not present a colorable entitlement to such relief and he fails to demonstrate exhaustion where appropriate. *See id.* It does not appear that

Mr. Jaramillo is eligible for a sentence reduction under any section of the First Step Act, Amendment 782, or any other applicable provision. Nor does he point to circumstances that would qualify him for compassionate relief.

The Second Chance Act, 18 U.S.C. § 3624(c)(1), is relevant to residential reentry center placement for inmates nearing the end of their sentences. Mr. Jaramillo does not indicate whether he has requested or received a decision from the Bureau of Prisons on a request regarding placement, thus any motion under the Second Chance Act is premature. *See United States v. Holcomb*, No. CR 01-00218 KG, 2018 WL 1896542, at *1–2 (D.N.M. Apr. 18, 2018).

**THEREFORE,**

**IT IS ORDERED** that the Motion for Assignment of Counsel (Doc. 110) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE