IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      No. 2:04-cr-0919 RB

RUBEN JARAMILLO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Ruben Jaramillo's Motion for Sentence Reduction. (Doc. 122.) The Federal Public Defender reviewed Jaramillo's motion and declined to file a motion on his behalf. (Doc. 123.) The United States contends Jaramillo is ineligible for a reduction. (Doc. 124.) Having reviewed the parties' arguments, the record, and the applicable law, the Court finds Jaramillo's sentencing range remains unchanged and his motion will be dismissed.

**I.  Background**

On November 21, 2005, pursuant to a plea agreement, Jaramillo pleaded guilty to one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*See* Doc. 96 at 3–5 (citing Docs. 37; 54).) The United States Probation Office (USPO) provided a presentence report. Based on Jaramillo's prior convictions, the USPO calculated a criminal history score of 15, which resulted in a criminal history category of VI and a guideline sentencing range of 360 months to life. (PSR ¶¶ 32, 50.)

On December 21, 2006, the Court sentenced Jaramillo to 324 months of imprisonment. (Doc. 74.) His anticipated release date is December 10, 2027. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Sept. 30, 2024).

Since Jaramillo was sentenced, Congress amended the Sentencing Guidelines (Amendment 821). *Compare* U.S. Sent'g Guidelines Manual § 4A1.1(d) (pre-amendment), *with* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023) *and* §§ 4A1.1(e), 4C1.1(a). Amendment 821 applies retroactively. *See* § 1B1.10(a)(1), (d).

Jaramillo, acting pro se, now asks the Court to determine if he is eligible for a sentence reduction under Amendment 821. (Doc. 122.) The Federal Public Defender declined to file a motion on Jaramillo's behalf, and the United States opposes the motion. (Docs. 123–24.)

**II.     Legal Standards**

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides that authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 17 U.S.C. § 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." § 1B1.10(b)(2)(C). In addition, except when the sentence was lower than the Guidelines range because the defendant provided substantial assistance to authorities, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended" Guidelines range. § 1B1.10(b)(2)(A)–(B).

Amendment 821 may lower the Guidelines sentencing range applicable to certain defendants. Part A of Amendment 821 applies to sentencing for offenses committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." § 4A1.1(e). Before Amendment 821, courts assessed two "status points"

2

to the defendant's criminal history score for such crimes. *See United States v. McDonald*, No. CR 22-1317 JB, 2024 WL 2110525, at *8 (D.N.M. May 10, 2024). Part A of Amendment 821 reduced the number of status points added depending on the defendant's criminal history points. *See* 88 Fed. Reg. 28254-01, 2023 WL 3199918; § 4A1.1(e). In the case of a person who has seven or more criminal history points, the Court may reduce the status points to one, instead of two. § 4A1.1(e). Where a person has six or fewer criminal history points, the Court may reduce the status points to zero. *Id.*

Additionally, Part B provides that courts sentencing offenders who have zero criminal history points ("zero-point offenders") may reduce the offense level by two if the defendants meet specified criteria. § 4C1.1(a); U.S. Sent'g Guidelines Manual app. C Supp. (U.S. Sent'g Comm'n 2023).

In determining whether to reduce a sentence under Amendment 821, the Court must first determine whether the defendant is eligible for a reduction by determining whether the Guidelines range calculated under Amendment 821 is lower than the Guidelines range on which the defendant's sentence was based. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017); § 1B1.10(b)(1). If not, a defendant is not eligible for a reduction and the Court "lacks jurisdiction over the defendant's motion and the motion must be dismissed." *C.D.*, 848 F.3d at 1289; *see also United States v. Munoz*, 682 F. App'x 635, 636 (10th Cir. 2017) (same); *United States v. Warren*, 22 F.4th 917, 926 n.6 (10th Cir. 2022) (noting that, while eligibility for a sentence reduction under § 3582 is a jurisdictional question under Tenth Circuit precedent, that precedent may "need to be revisited").

If the defendant is eligible for a sentence reduction, the Court must then consider whether the defendant has shown "a sentence reduction is consistent with the Commission's policy

statements" and entitlement to "relief in light of the applicable sentencing factors found in" § 3553(a). *C.D.*, 848 F.3d at 1289–90; *see also* § 1B1.10(a)(1), § 3582(c)(2). The fact that a court considered the § 3553(a) factors in the initial sentencing does not preclude a court from considering them in the context of a sentence reduction motion. *Osborn*, 679 F.3d at 1196. In addition to the § 3553(a) factors, courts may consider "post-sentencing conduct," § 1B1.10, app. n.1(B)(iii), and "the benefits the defendant gained by entering a Type-C [plea] agreement when it decides whether a reduction is appropriate . . . ." *Hughes v. United States*, 584 U.S. 675, 689 (2018); *see also Osborn*, 679 F.3d at 1195.

### III. Discussion

Jaramillo is not eligible for a sentence reduction. First, Jaramillo is not eligible for the status points amendment in § 4A1.1(e), because he "was not under a criminal justice sentence when he committed the offense for which he was convicted." (*See* Doc. 124 at 3 (citing PSR ¶¶ 31–32).) Thus, Part A of Amendment 821 does not apply. Moreover, given that Jaramillo was assessed 15 criminal history points, he is not eligible for the retroactive zero-point offender adjustment under Part B of Amendment 821. (*See* PSR ¶¶ 26–32.) Because Jaramillo's sentencing range is unchanged after Amendment 821, his request does not fall under 18 U.S.C. § 3582(c), and the Court must dismiss it for lack of jurisdiction. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014).

**IT IS THEREFORE ORDERED** that Jaramillo's Motion for Sentence Reduction (Doc. 122) is **DISMISSED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE